IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARQUIS BAKER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No 2:23-cv-1085-JDW** |
| | : | |
| **THE HOME DEPOT,** et al., | : | |
| **Defendants.** | : | |

## MEMORANDUM

Marquis Baker sued Home Depot and John Crichton for violating his federal rights after Mr. Crichton reported allegations to the police that led to Mr. Baker's arrest. Mr. Baker can only bring federal claims against people acting under color of state law, and neither Home Depot nor Mr. Crichton was doing that when they reported him to the police. I will therefore dismiss his federal claims. I will also decline to exercise supplemental jurisdiction over any claims that Mr. Baker asserts under state law. Therefore, I will dismiss this case.

**I.      FACTUAL ALLEGATIONS**

Mr. Baker's claims arise from a retail theft that occurred at a Home Depot store located on Rockhill Drive in Bensalem Township. Mr. Baker alleges that John Crichton, the Loss Prevention Officer employed at the Home Depot in question, falsely accused him of retail theft and notified authorities of the crime in progress. According to a Supplemental Incident Report from the Bensalem Police, which Mr. Baker attached to the Complaint, Mr.

Crichton advised the police that he observed three men, two Black and one White, involved in the theft.

Mr. Baker was one of the subjects who Mr. Crichton identified as a participant in this theft and who the police detained. Mr. Baker was criminally charged in state court. *See Commonwealth v. Baker*, CP-09-CR-0000157-2020, (C.P. Bucks County). He was found not guilty. (*See* ECF No. 2-1 at 15, 92-93.) Mr. Baker alleges that Home Depot and Mr. Crichton engaged in "racial profiling" by identifying him as a Black male, which caused him mental anguish and public humiliation. Mr. Baker further alleges that he was illegally arrested, his rights were violated, and his character was defamed. He also asserts that he suffered from anxiety attacks and psychological trauma stemming from this incident. He filed his complaint and a motion to proceed without paying the required fees, which I have now reviewed.

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a judge grants a plaintiff leave to proceed *in forma pauperis*, the judge must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the application of the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the judge must take all well-pleaded allegations as true, interpret them in the light most

favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Moreover, because Mr. Baker is proceeding *pro se*, I must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

### A.  Leave To Proceed *In Forma Pauperis*

Mr. Baker has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. Moreover, his application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, I will grant him leave to proceed *in forma pauperis*.

### B.  Plausibility Of Federal Claims

Mr. Baker cites 42 U.S.C. § 1983 as the basis for his claims. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Action

under color of state law requires the defendant to have exercised power possessed by virtue of state law and made possible only because he or she is clothed with the authority of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). Section 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

The Complaint does not allege facts to support an inference of a close nexus between the defendants' private efforts and the state, such that their conduct might be considered state action. Home Depot and Mr. Crichton were private actors, not state employees. They were engaged in loss prevention efforts. Nothing in the complaint suggests that either of them had any connection to a state, county, or local governmental entity. Indeed, district courts throughout the country have consistently found that private retail stores and the private security personnel they employ are not state actors for purposes of Section 1983.[1] Mr. Baker does allege that Mr. Crichton contacted the police and provided details of his observations, but that doesn't render him (or Home Depot as his employer) a state actor for purposes of § 1983. *See Baack v. Rodgers*, No. 14-875, 2014

---

[1] *See Rodriguez v. Shoprite Supermarket*, No. 19-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020); *Belcher v. Wal-Mart Stores, Inc.*, No. 20-0194, 2020 WL 5606894, at *2 (D. Alaska Sept. 18, 2020); *Grant-Davis v. Fortune*, No. 15-4211, 2015 WL 12868172, at *1-*3 (D.S.C. Nov. 20, 2015), *report and recommendation adopted*, 2015 WL 12868171 (D.S.C. Dec. 7, 2015), *aff'd*, 645 F. App'x 288 (4th Cir. 2016); *Fletcher v. Walmart Stores, Inc.*, No. 15-1859, 2006 WL 2521187, at *4 (S.D.N.Y. Aug. 28, 2006); *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 36, 38 (E.D.N.Y. 2004)). The reasoning in these cases is persuasive, and I adopt it.

WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014); *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016).

Normally, when I dismiss claims from a complaint—particularly a *pro se* complaint—I grant leave to amend. But there's nothing that Mr. Baker could allege that would change the outcome here. Private actors protecting their interests are not acting under color of state authority, even if they contact law enforcement. So I will dismiss Mr. Baker's Section 1983 claims with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.").

### C.   Jurisdiction Over State Law Claims

Liberally construed, Mr. Baker's Complaint seems to assert several claims under Pennsylvania state law in addition to his claims under Section 1983. But I will not exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367 without any federal claims remaining in the case. There's also no basis for me to assert diversity jurisdiction under 28 U.S.C. § 1332. Mr. Baker alleges that both he and Mr. Crichton (and Home Depot) are citizens of Pennsylvania. For diversity jurisdiction to exist. "no plaintiff [may] be a

citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quotes omitted).

## IV.  CONCLUSION

Mr. Baker doesn't have to pay the filing fees, but I will dismiss his federal claims with prejudice and his state law claims without prejudice. If he wants to pursue any state law claims, he will have to go to state court. I will also deny as moot the Defendants' Motion to Dismiss. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

April 19, 2023